FOR OFFIC

EXHIBIT

tabbies

1

# PROOF OF CLAIM
## IN THE MATTER OF
# RELIANCE INSURANCE COMPANY (IN LIQUIDATION)
### Deadline for filing December 31, 2003

PROOF OF CLA
DATE RECEIVE

READ ALL MATERIALS CAREFULLY BEFORE COMPLETING THIS FORM - COMPLETE ALL SECTIONS
FILL IN ALL BLANKS - PLEASE PRINT CAREFULLY OR TYPE

Make corrections to Name & Address below.

POC # 001918176

Claimant Name: Nationwide Mutual Insurance Company
Address 1: One Nationwide Plaza
Address 2: _____
City: Columbus          State: OH   Zip Code: 43215-2220
Country: USA
Social Security/E.I.N. #: _____ e-mail: _____
Daytime Phone #: (include area code) (410) 584-2800 (Attorney's #)

EVERTON, ANGUS
4 NORTH PARK DRIVE SUITE 404
HUNT VALLEY MD 21030

Name of Insured: Sterling Construction & Management Corp.
Policy Number: QB850830500/QU850830500  Claim Number: (if previously filed) _____
Date of Loss: 11/30/91 - 11/30/93       Agent Number: 0039242

Claim is for (Check X or specify Below)

| | | | |
|---|---|---|---|
| 1 | X | POLICY HOLDER or THIRD PARTY CLAIM | Claim by insured of Reliance Insurance under a Reliance Insurance Policy for POLICY Benefits or Liability claim against an insured of Reliance Insurance for POLICY BENEFITS. |
| 2 | | RETURN of UNEARNED PREMIUM or OTHER PREMIUM REFUNDS | Portion of paid premium not earned due to early cancellation of policy or retro or audit adjustment. |
| 3 | | GENERAL CREDITOR | Attorney fees, Adjuster fees, Vendors, Landlords, Lessors, Consultants, Cedants and Reinsurers. |
| 4 | | AGENT BALANCES | Agents Earned Commissions. |
| 5 | X | ALL OTHER | Describe: This is a claim for contribution and/or indemnity by Nationwide |

against Reliance as a co-Insurer. The nature of the underlying case is described in the next section.
In the space below give a Concise Statement of the Facts giving rise to your claim. Attach additional sheets if required. _____
(See Attached)
_____
_____
_____

AMOUNT OF CLAIM: $180,262 plus 38.6% of counsel fees, amount to be determined.
Is there OTHER INSURANCE that may cover this claim? Yes (X) No ( )
If YES provide name of insurer(s) and policy numbers(s): United States Fire Ins. Co. and North River
Ins. Co. (Crum & Forster Companies)
Does AN ATTORNEY REPRESENT you? Yes (X) No ( ) If YES provide attorney's name, address & telephone number: _____
Angus R. Everton, Esquire, 4 North Park Drive, Suite 404, Hunt Valley, MD 21030
(410) 584-2800
Has a Lawsuit or other LEGAL ACTION been instituted by anyone regarding this claim? Yes (X) No ( ) If YES provide the following:
Court Where Filed: United States District Court for the District of Maryland
DATE FILED & DOCKET NUMBER: 09/21/98; B-98-3146
PLAINTIFF(S): Nationwide Mutual Insurance Co.
DEFENDANT(S): Reliance Insurance Co., United States Fire Insurance Co., North River Insurance Co.

The undersigned subscribes and affirms as true under the penalties of perjury as follows: that the undersigned has the right and authority to sign and submit this proof of claim; that the undersigned has read the foregoing Proof of Claim and knows the contents thereof; that the said claim against Reliance Insurance Company (Reliance) (In Liquidation) is true to the best of the undersigned's own knowledge except as matters therein stated to be alleged upon information and belief and as to those matters the undersigned believes to be true; that no payment of or on account of the aforesaid claim has been made except as above stated; that there are no offsets or counterclaims thereto; and that the undersigned is not a secured creditor or claimant, or has no security interest except as stated above.

If the foregoing Proof of Claim alleges a claim against a Reliance insured (third party claim), the undersigned hereby releases any and all claims which have been or could be made against such Reliance insured based on or arising out of the facts supporting the above Proof of Claim up to the amount of the applicable policy limit and subject to coverage being accepted by the Liquidator, regardless of w' 'er any compensation is actually paid to the undersigned.

_____   Dec 13, 2002
Claimant Signature                    Date

**Statement of the Facts**:

In April 1996, Baltimore Neighborhoods, Inc. (BNI), a nonprofit Maryland corporation which allegedly undertook "numerous programs and activities to assure all persons, including those with disabilities, a fair and open housing market and the enjoyment of the social, educational, professional, business, economic, and political benefits of enhanced associations that result from living in fully integrated communities," and Michael Hylton, an individual under disability, filed a Complaint in the United States District Court for the District of Maryland, Civil Action No. B96-915, against a group of Defendants operating under the aegis of Sterling Construction & Management Corp., a developer (the Sterling Defendants), seeking equitable relief and damages as the result of alleged violations of the Federal Fair Housing Act, 42 U.S.C. § 3601 in the construction of a housing development known as Red Fox Farms and located in the Baltimore, Maryland metropolitan area.  Copies of the underlying original Complaint and subsequent amended Complaints are attached to Nationwide's Complaint for Declaratory Judgment identified in the fourth paragraph of this Statement as Exhibit A.  Following extensive discovery and several amendments of the Complaint, on March 15, 1999 the District Court granted Summary Judgment in favor of the plaintiffs against the Sterling Defendants as to liability for compensatory damages, leaving the amount of such damages, and the availability of punitive damages (if any) to be decided at trial.  A copy of this Ruling of the District Court is attached hereto as Exhibit B.

The time period pertinent to Civil Action No. B96-915 was as follows:  The Red Fox Farm development was initially designed and construction was begun prior to the applicable effective date of the Fair Housing Act, thirty months after September 13, 1988, or March 13, 1991. Construction and sale of the units not in compliance with the FHA (Found by the Court on Summary Judgment to be 57 of the total units constructed) and certain of the common areas took place continuously thereafter until as late as mid-1996.

The Sterling Defendants were insured under general liability and umbrella policies during the applicable time period as follows:  From March 13, 1991 through November 30, 1991 under policies issued by the Crum & Forster Companies, either the United States Fire Insurance Company, the North River Insurance Company, or both; from November 30, 1991 through November 30, 1993, under policies issued by Reliance, as reflected elsewhere in this Proof of Claim; and from November 30, 1993 forward, under policies issued by Nationwide.

After undertaking the defense of the Sterling Defendants under strict reservation of rights, Nationwide filed a Complaint for Declaratory Judgment and damages in the United States District Court for the District of Maryland, entitled Nationwide Mutual Insurance Company v. Sterling Homes Corporation, et al., Civil Action No. B98-1346, naming as defendants BNI and Mr. Hylton, the plaintiffs in Civil Action No. B96-915; the Sterling Defendants; and Reliance. Thereafter, Nationwide settled the underlying claim and continued the action against Reliance Insurance Company, amending the Complaint twice to add Aetna Casualty & Surety Co. (which insured the Sterling Defendants prior to November 30, 1990), and the Crum & Forster Insurance Companies, in order to receive contribution or indemnity from each of these insurers for the

amount paid in settlement of this claim. A copy of the Complaint for Declaratory Judgment in this action, filed on or about September 21, 1998, is attached hereto as <u>Exhibit A</u>. A copy of the Second Amended Complaint for Declaratory Judgment, reflecting the settlement of the underlying case, is attached hereto as <u>Exhibit C</u>. A copy of the executed Release and Settlement Agreement ultimately entered into between Baltimore Neighborhoods, Inc. and Michael Hylton (Plaintiffs below), the Sterling Defendants, and Nationwide, is attached hereto as <u>Exhibit D</u>.

Ultimately, after investigation, it was determined that Aetna Casualty & Surety Company's period of coverage did not coincide with any time during which the alleged wrongdoing of the Sterling Defendants occurred, so Aetna was dismissed from the Declaratory Judgment action.

Nationwide contends, and contended in the original Complaint, that the claims against the Sterling Defendants were most likely covered under the Personal Injury part of the Reliance umbrella policy, policy no. QU850830500 (a copy of this policy is included among the attachments to Exhibit A). Reliance, through its legal counsel filed a Motion to Dismiss Civil Action No. B98-3146 on the grounds that the alleged liability of the Sterling Defendants in the underlying action did not constitute covered Occurrences under the Reliance policy. A copy of the Motion to Dismiss is attached hereto as Exhibit E. The District Court denied Reliance's Motion to Dismiss by Opinion and Order dated March 26, 1999 (Exhibit F).

Civil Action No. B98-3146 was stayed following the entry of the Order of Rehabilitation in the Pennsylvania Commonwealth Court, and the case continues in this posture to the present.

The potential damages in the underlying case (leaving aside punitive damages) were primarily related to the costs of "retrofitting" units at the Red Fox Farms Condominiums site, which had held to be non-compliant with the Fair Housing Act by the United States District Court in the underlying case. Plaintiffs' experts in the underlying case opined that the cost of retrofitting would be approximately $926,000, while defense experts (retained by the Sterling Defendants) opined that retrofitting would not exceed approximately $457,000. In addition to these expenses, Plaintiffs below would have been entitled to reasonable counsel fees for the preparation of their case, and potential punitive damages.

The underlying case was ultimately settled, and paid by Nationwide, as follows: (a) The sum of $10,000 was paid to the Plaintiffs, BNI and Michael Hylton as "actual damages," (b) $160,000 was paid to the law firm of Brown, Goldstein & Levy (Plaintiffs' counsel) in fees, pursuant to 42 U.S.C. § 3613 (c)(2); (c) The sum of $22,000 was paid to BNI for expenses of litigation, pursuant to 42 U.S.C. § 3613 (c)(2), (d) 28,000 was paid toward the "retrofitting" of common areas to bring them within the requirements of the FHA; and (e) $275,000 was paid in an interest bearing account to be used as retrofitting expenses at the request of property owners who had purchased their properties from Red Fox Farms. Thus, the total amount paid in settlement by Nationwide came to $495,000.00, of which Nationwide paid all but its $10,000 policy deductible.

2

Nationwide has calculated what it believes to be the respective responsibilities of Nationwide, the Crum & Forster insurers, and Reliance for the amounts paid in settlement in this case, based upon the dates during which the 57 non-compliant units in the Red Fox Farms Condominiums development were constructed.  Based upon these calculations, Nationwide believes that the respective percentages of responsibility for the settlement are as follows: Nationwide, which provided insurance to the Sterling Defendants during the period from November 30, 1993 until the completion of construction of the project, Nationwide is responsible for approximately 37.72% of the settlement amount.  Reliance, which was on the risk from November 30, 1991 through November 30, 1993, bears approximately 38.6% of the settlement liability.  The Crum & Forster insurers, which provided coverage during the period from November 1990 through November 30, 1991, are responsible for approximately 23.7% of the total settlement.  Based on the foregoing, Nationwide contends that Reliance's responsibility for contribution to the settlement at issue is approximately $187, 210.00, plus its proportionate share of the defense counsel fees expended in this case, the total amount of which have not yet been determined.