

EXHIBIT 2

# Reliance Insurance Company (in Liquidation)
## Notice of Determination

Cause No.: 269 MD 2001

07-25-2003

EVERTON, ANGUS
4 NORTH PARK DRIVE SUITE 404
HUNT VALLEY, MD 21030 USA

Re:  Proof Of Claim No.:     1930635
     Reliance Policy No.:    QB 85083050101
     Insured Name:           STERLING CONSTRUCTION AND
     Reliance Claim No.:     000469751725
     Date of Loss:           11/01/1993
                             NATIONWIDE MUTUAL INSURANCE COMPANY
                             ONE NATIONWIDE PLAZA
                             COLUMBUS, OH 43215-2220 USA

### NOTICE OF DETERMINATION

This notice is provided to advise you of the Statutory Liquidator's determination of the above-referenced claim. If you have other claims against the estate for which you have filed a separate Proof of Claim or you have previously been advised that your Proof of Claim stated multiple claim types and has been separated, you will receive a notice for each of these claims at the time that they are evaluated.

Section 544 of the Insurance Department Act (40 P.S. Section 221.44) establishes the level of priority to be assigned to a claim against the estate of a liquidated company, including Reliance.

**Priority Level ( g ) has been assigned to the above referenced claim in accordance with the provisions of section 544.**

The classification of priority levels of claims appears below. Section 221.44 of the act provides that each class shall be paid in full before the members of the next class receive payment. At this time it does not appear likely that there will be sufficient funds available to make payment to any class with priority below ( b ). Claims of priority below ( b ) will not be evaluated as to amount allowed unless and until it is determined that funds will be available. If funds become available for the priority level of your claim, you will be sent a Notice of Determination as to amount.

If you accept this determination of your claim, no action is necessary. A copy of applicable provisions of the Commonwealth Court Order regarding disputed claims is enclosed. You must follow the procedures set forth in that Order if you wish to object to this determination. A complete copy of the Order is posted on the Internet at www.reliancedocuments.com. Other procedures governing objections to this notice of determination can be found in Article V of the Insurance Department Act of 1921 (40 P.S. Sections 221.1 et seq.). Please reference the Reliance Proof of Claim number, Reliance Cause number, and Reliance Claim number listed above in any correspondence or pleadings related to this notice.

Evaluated by: MACHOWSKI,JIM   Phone #: (215) 864-4115

JUL 2 8 2003

PLEASE NOTE: YOU HAVE THE DUTY TO KEEP THE STATUTORY LIQUIDATOR INFORMED OF ANY CHANGE OF ADDRESS (40 P.S. SECTION 221.24(G)). FAILURE TO PROVIDE A CHANGE OF ADDDRESS TO THE *PROOF OF CLAIM DEPARTMENT, STATUTORY LIQUIDATOR OF RELIANCE INSURANCE COMPANY, P.O. BOX 13527, PHILADELPHIA, PA 19101-3527* MAY RESULT IN THE LOSS OF ANY DISTRIBUTION TO WHICH YOU ARE ENTITLED.

### General Information Regarding the Liquidation Process.

Once all assets and liabilities of the Reliance estate are known, the Statutory Liquidator will recommend to the Commonwealth Court of Pennsylvania that its assets be distributed to the claimants with allowed claims. The amount of distribution will be calculated as a percentage of the amounts allowed by the Statutory Liquidator. This percentage applicable to each priority level will not be known until all assets and liabilities are finally identified. This process can take many years to complete, depending on the complexity of the matters of the estate.

Should you have any questions about your claim or about the liquidation procedure, please feel free to write to the Statutory Liquidator (Proof of Claim Department) at the address shown above.

### Classification of Priority Levels of Claims

The priority levels of claims filed against the estate of a company in liquidation are defined in section 544 of the Insurance Department Act (40 P.S. Section 221.44), which are summarized as follows:

(a) The costs and expenses of administration, including but not limited to the following: the actual and necessary costs of preserving or recovering the assets of the insurer; compensation for all services rendered in the liquidation; any necessary filing fees; the fees and mileage payable to witnesses; reasonable attorney's fees; the expenses of a guaranty association in handling claims

(b) All claims under policies for losses wherever incurred, including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. No payment made by an employer to his employee shall be treated as a gratuity

(c) Claims of the Federal government other than those claims included in subsection (b).

(d) Debts due to employees for services performed to the extent that they do not exceed one thousand dollars ($1,000) and represent payment for services performed within one year before the filing of the petition for liquidation. Officers and directors shall not be entitled to the benefit of this priority. This priority shall be in lieu of any other similar priority which may be authorized by law as to wages or compensation of employees.

(e) Claims under nonassessable policies for unearned premium or other premium refunds and claims of general creditors.

(f) Claims of any state or local government. Claims, including those of any governmental body, for a penalty or forfeiture shall be allowed in this class only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby. The remainder of such claims shall be postponed to the class of claims under subsection (h)

(g) The following claims:
   (1) Claims under section 221.39(b), to the extent that such claims were disallowed under that section.
   (2) Claims filed late.
   (3) Claims or portions of claims, payment of which is provided by other benefits or advantages recovered by the claimant

(h) Surplus or contribution notes, or similar obligations, and premium refunds on assessable policies. Payments to members of domestic mutual insurance companies shall be limited in accordance with law.

(i) The claims of shareholders or other owners.

**EXCERPT FROM 9-9-02 COMMONWEALTH COURT ORDER REGARDING OBJECTIONS TO A NOTICE OF DETERMINATION**

      (d)     If a claimant is dissatisfied with the decision set forth in the notice of determination regarding a denial in whole or in part of a Proof of Claim, the claimant shall within sixty (60) days from the mailing date shown on the notice of determination file an objection to the determination with the Commonwealth Court, and serve a copy of the objection on the Liquidator. The objection shall state the factual and legal basis for the objection, shall attach all necessary supporting documentation, and shall also include the notice of determination (collectively the Objection). Claimant shall file the Objection, along with 5 copies of the Objection and a 3½ inch floppy disc containing the Objection typed in "Microsoft Word" format in the Office of the Prothonotary, Suite 901, 1339 Chestnut Street, Philadelphia, PA 19107. No courtesy copies of the Objection shall be filed with a judge's chambers. Service of a copy of the Objection in printed form shall be made on the Liquidator at Objections Department, Statutory Liquidator of Reliance Insurance Company, P.O. Box 13527, Philadelphia PA 19101-3527. IF A CLAIMANT DOES NOT FILE AN OBJECTION TO THE LIQUIDATOR'S DETERMINATION WITH THE COMMONWEALTH COURT WITHIN THE TIME REQUIRED, THE CLAIMANT MAY NOT FURTHER OBJECT TO THE LIQUIDATOR'S DETERMINATION AS SET FORTH IN THE NOTICE OF DETERMINATION, AND THE LIQUIDATOR'S DETERMINATION SHALL CONSTITUTE THE MAXIMUM ALLOWABLE AMOUNT OF THE CLAIM.

      (e)     When an Objection to the Liquidator's determination of a claim is filed with the Court, the Liquidator, and the claimant may attempt to resolve the dispute. The Liquidator shall file a response to the Objection with the Court and serve a copy of the response on the claimant, and his counsel, if applicable, within thirty (30) days of the date of service of the Objection upon the Liquidator. If the Objection is not subsequently settled with Court approval pursuant to paragraphs 12 through 14 herein, the Liquidator or the claimant, shall, as soon as practicable, file a petition with this Court seeking appointment of a referee and service a copy of the notice on the opposing party. Notice of the petition shall be given upon all parties listed on the master service list via U.S. mail, or, where designated, fax and/or e-mail. The Court may refer the matter to a referee to conduct the hearing with respect to any factual disputes. The Court or the referee will hear the Objection and the Response, if any, of such persons as have standing. If the matter is referred to a referee, the referee shall, after hearing, file with the Court proposed findings of fact and/or recommend a determination, and serve copies thereof on the Liquidator, the claimant and claimant's counsel, if applicable, and any party who successfully intervenes in the proceedings on the claimant's objection to the Liquidator's determination. Exceptions, if any, to the referee's proposed findings of fact and recommendations shall be filed with the Commonwealth Court within fifteen (15) days after service of the referee's proposed findings of fact and recommendations. The exceptions shall set forth in concise form the grounds for the exceptions, and shall attach a copy of the notice of the determination, claimant's Objection, the Liquidator's Response to Objection, and the proposed findings of fact and/or recommended decision of the Referee. A party who does not timely file exceptions to the referee's proposed findings of fact and recommendations is deemed to have waived any and all exceptions and shall be barred thereafter from raising any and all issues, including but not limited to issues which could have been raised as exceptions. If exceptions are not timely filed, the Court shall enter an Order approving the referee's recommendation.

      (f)     Nothing herein shall preclude any party in interest from filing a petition to intervene in such dispute, or preclude any party in interest from opposing such intervention, which shall be determined by the Commonwealth Court. Proceedings on the dispute in which intervention is sought shall be stayed, pending resolution of the petition to intervene.